| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-2(c) <br> **Edmond M. George, Esquire** <br> **William F. Saldutti IV, Esquire** <br> **Obermayer Rebmann Maxwell & Hippel LLP** <br> **1120 Route 73, Suite 420** <br> **Mount Laurel, NJ  08054** <br> **(856) 795-3300** <br> **(856) 482-0504 (fax)** <br> *Attorneys for Ron and Rima Seal* | |
| **In re:** <br><br> **MATHEW K. PIERSON** <br><br>          **Debtor.** | **Chapter 7** <br><br> **Case No.  21-11080-KCF** |
| **RON AND RIMA SEAL** <br><br>          **Plaintiffs,** <br><br>    **v.** <br><br> **MATHEW K. PIERSON,** <br><br>          **Defendant.** | **ADVERSARY NO. 21-1264** <br><br> **Judge Kathryn C. Ferguson** <br> **Hearing Date: August 3, 2021** <br> **Hearing Time: 10:00 A.M.** <br> **Courtroom: 2** <br><br> **CERTIFICATION OF EDMOND M. GEORGE IN SUPPORT OF PLAINTIFFS' MOTION TO BE EXCUSED FROM MEDIATION PURSUANT TO LBR 9019-2(3)** |

       I, Edmond M. George, Esquire, counsel to Ron and Rima Seal the Plaintiffs ("Plaintiffs") hereby submit this Certification in support of  Plaintiffs' Motion to be Excused from Mediation Pursuant to Local Bankruptcy Rule ("LBR") 9019-2(3) (the "Motion").

4837-1671-6017.v1-7/7/21

**I.      JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(O).

2. The statutory predicates for the relief requested herein are LBR 9019-2(3).

3. This adversary proceeding arises under and in connection with the above-captioned Chapter 7 bankruptcy case commenced by the filing of a voluntary petition by Mathew K. Pierson on or about February 8, 2021 (the "Petition Date").

**II.     FACTUAL BACKGROUND**

4. Plaintiffs, the Seals, are adult individuals and the parents of Simone Seal ("Simone"), a thirty-two (32) year old woman.

5. Mathew K. Pierson ("Mr. Pierson" or the "Defendant") is an adult individual who is the debtor in the above-captioned Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the District of New Jersey.

6. Mr. Pierson, the purported boyfriend of Simone, improperly and intentionally inserted himself into a dispute between Simone and her parents, the Seals.

7. That dispute was initiated by Simone Seal in the Philadelphia Court of Common Pleas, No. 01173 (the "State Court Action"), where the Philadelphia Court of Common Pleas (the "PA State Court") found fully in favor of Seals with regard to all of Simone's claims against the Seals.

8. The PA State Court entered a judgment against Mr. Pierson in the amount of $6,000.00 (the "Judgment").

9. In his Bankruptcy Petition, Schedules of Assets and Liabilities, and Statement of Financial Affairs (collectively, the "Schedules"), Mr. Pierson failed to disclose not only the State

Court Action but the fact that a non-dischargeable debt and judgment had been entered against him.

10. As such, on May 6, 2021, Plaintiffs filed an Adversary Complaint initiating the instant adversary action against Mr. Pierson and seeking to have the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

11. On June 6, 2021, Mr. Pierson filed his Answer to Plaintiffs' Adversary Complaint.

### III. REQUESTED RELIEF

12. Pursuant to LBR 9019-2 as part of the pretrial filings, Plaintiffs are required to engage in presumptive mediation, including the filing of a Mediation Order.

13. Plaintiffs have explored mediation, including contacting various mediators approved by this Court, and have determined that mediation would be neither feasible nor cost-effective in the current matter.

14. The amount sought by Plaintiffs is only $6,000.00, and costs incurred by way of mediation would greatly impact the amount of Plaintiffs' recovery, possibly eclipsing $6,000.00 if the mediation lasted longer than a few hours.

15. This would be true even if mediation were done in the most cost-effective way possible.

16. Mediating this matter would be extremely inefficient, and a waste of Plaintiffs', Mr. Pierson's, and the mediator's time and money.

17. Plaintiffs have determined that mediation would not be cost-effective as it could potentially offset their entire recovery.

18. Therefore, Plaintiffs request they be excused from presumptive mediation pursuant to LBR 9019-2(3).

19. As the facts Plaintiff relies upon, as set forth in this Certification, and the basis for the request for relief do not present complicated questions of fact or unique questions of law, it is hereby submitted that no brief is necessary in the Court's consideration of the Motion.

WHEREFORE, Plaintiffs respectfully request the entry of an order, in the form attached hereto, excusing Plaintiffs from mediation pursuant to LBR 9019-2(3), and for such other and further relief as this Court deems equitable and just.

Dated: July 7, 2021    */s/ Edmond M. George*
                       Edmond M. George, Esquire