IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| MATTHEW K. PIERSON, | : | Case No.: 21-11080-KCF |
| Debtor | : | Hon. Kathryn C. Ferguson, U.S.B.J. |
| _____ | : | |
| RON and RIMA SEAL, | : | ADV. PRO. NO.: 20-1264-KCF |
| Plaintiffs | : | Trial Date: March 9, 2022; 10 AM |
| v. | : | |
| MATTHEW K. PIERSON, | : | **MEMORANDUM OF LAW IN SUPPORT OF** |
| Defendant | : | **MOTION TO DISMISS ADVERSARY PURSUANT TO FRCP 56; 12(b)(6) AND/OR 8(a)(2)** |

## STANDARD OF REVIEW

Federal Rule of Civil Procedure (hereinafter FRCP) 56 requires a federal court to grant a motion for summary judgment if the party shows no genuine dispute of material fact exists and the party "is entitled to judgment as a matter of law." The moving party must reference specific parts of materials from the record to show it does not demonstrate the existence of a genuine dispute or show that the other party cannot support facts allegedly at issue with admissible evidence. Cited materials may include depositions, stipulations, affidavits or declarations, admissions, interrogatory responses, and other documents and materials. FRCP 56(c)

Pursuant to Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint that fails "to state a claim upon which relief may be granted." "This

1

rule allows a Defendant to test whether, as a matter of law, the Plaintiff is entitled to legal relief even if every allegation in the complaint is true." *Tidik v. Ritsema*, 938 F.Supp. 416, 421 (E.D. Mich. 1996). When deciding a motion to dismiss based on Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to the Plaintiff and accept all factual allegations as true." *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993). In order to survive a motion to dismiss, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, the factual allegations in a complaint must be sufficient to give the Defendant notice of what claims are alleged. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The United States Supreme Court has recently elaborated that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Ashcroft v.*

2

*Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) [Emphasis added].

## **FACTS NOT IN DISPUTE**

1. Debtor, Matthew K. Pierson commenced this Chapter 7 case on February 8, 2021 under case number 21-11080.

2. Andrea Dobin, Esq. was appointed the Chapter 7 trustee in this case on February 9, 2021.

3. Debtor is represented Keith D. Sklar, Esq. for this adversary proceeding.

4. An adversary complaint was filed by Plaintiffs Ron and Rima Seal represented by Edmond M. George on May 6, 2021.

5. The underlying matter went to trial in the Court of Common Pleas for the County of Philadelphia.

6. A decision was entered after a bench trial by way of Order, finding of facts and conclusions of law authored by the Honorable Glynnis D. Hill, Judge Court of Common Pleas after a bench trial. (Attached hereto)

7. The Debtor/third party defendant was alleged to have committed the following torts against the Plaintiff(s); Invasion of Privacy; Identity Theft; Conversion; Intentional Infliction of Emotional Distress; Wrongful Use of Civil Proceedings; Unjust Enrichment and Defamation.

8. All the allegations set forth by the Plaintiffs in the underlying matter were dismissed with no liability to the Debtor except Invasion of Privacy where he was found liable and told to pay $6,000 to the Plaintiffs.

9. With respect to the Invasion of Privacy allegation, Judge Hill found that the Defendant/Debtor acted <u>recklessly</u>.  (Order p. 35, ¶166; Adv. Complaint, p. 5, ¶16)

10. At no time in the underlying Order, Finding of Facts or Conclusions of Law did Judge Hill ever mention the words "willfully" or "maliciously".

11. Both the elements of "willfully" and "maliciously" are necessary to sustain a finding of non-dischargeability pursuant to 11 U.S.C. §523(a)(6).

12. Plaintiffs have pled only to obtaining relief under 11 U.S.C. §523(a)(6).

13. Plaintiffs are unable to sustain their burden of proof of "willful" and "malicious" acts which precludes them from receiving the relief sought.

4

**MEMORANDUM OF LAW IN SUPPORT OF
DISMISSING PLAINTIFFS'
ADVERSARY COMPLAINT WITH PREJUDICE**

Defendant, Matthew K. Pierson seeks an order of this court dismissing the Plaintiffs' adversary complaint with prejudice for the following reasons:

I. There are no facts in dispute that the Plaintiffs cannot sustain their burden under 11 U.S.C. §523(a)(6) and as such summary judgment is appropriate.

II. Plaintiffs' Adversary Complaint must be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim for which relief can be granted and improper pleading pursuant to FRCP 8(a).

## POINT I

### DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT DISMISSING THE PLAINTIFFS' ADVERSARY COMPLAINT WITH PREJUDICE AS THERE ARE NO MATERAL FACTS IN DISPUTE PURSUANT TO FRCP 56.

Defendant is entitled to summary judgment as a matter of law. There are no facts in dispute regarding the elements of "willfullness" and "maliciousness" both of which are required in order to sustain an action under 11 U.S.C. §523(a)(6).

*Kawaauhau v. Geiger*, 523 U.S. 57 (1998), a United States Supreme Court case in which the Court ruled that debt arising from a medical malpractice judgment, attributable to <u>negligent or reckless conduct is dischargeable under the Bankruptcy Code</u>. Section 523(a)(6) excepts from discharge debts "for <u>willful and malicious</u> injury by the debtor to another entity or to the property of another entity…" *11 U.S.C. §523(a)(6)*. A willful and malicious injury under 11 U.S.C. §523(a)(6) requires proof of a "deliberate or intentional injury, not merely

5

a deliberate or intentional act that leads to injury." *Geiger* <u>supra</u> at 61. Furthermore, if Congress intended to "exempt debts resulting from intentionally inflicted injuries " it would have included such language in 11 U.S.C. §523(a)(6). Accordingly, to state a claim under Section 523(a)(6), a plaintiff must aver *facts* from which the Court might plausibly infer that the Debtor acted or failed to act with an intent to cause harm or that the Debtor anticipated the harm, *i.e.*, believed it was substantially certain to occur. Allegations tending to show inadvertence, incompetence, unskillfulness, or a failure to take precautions are not enough. Allegations from which one might infer knowledge of a strong probability that someone might be harmed is not enough. The clear ruling of <u>Geiger</u> is that 11 U.S.C. §523(a)(6) only exempts deliberate or intention injuries, but not intentional acts that result in injury.

Under 11 U.S.C. §523(a)(6) to meet the willful injury requirement, the Plaintiff must show either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct. <u>In re Su</u>, 290 F.3d 1140, 1143 (9th Cir. 2002). A further analysis by the Ninth Circuit in <u>Su</u> noted that willfulness and malice are two separate requirements that are not to be "conflated" into a single inquiry and made it clear that each alternative prong of the willfulness showing must be based on a subjective standard. The subjective standard focuses on the debtor's state of mind and precludes application of 11 U.S.C. §523(a)(6)'s non-dischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain. <u>In re Su</u>, 290 F.3d at 1146.

It is vital to note that debts arising from <u>reckless or negligently</u> inflicted injuries are not within the scope of 11 U.S.C. §523(a)(6). <u>Geiger</u> at 64; see <u>In re Quari</u>, 357 B.R. 793, 798 (Bkrtcy N.D. Cal., 2006).

In the instant case it is an undisputed material fact that Judge Hill found that the Debtor acted <u>recklessly</u>. (Order p. 35, ¶166; Adv. Complaint, p. 4, ¶13) This conclusion of law is uncontroverted. No appeal to Judge Hill's ruling was ever filed. Therefore, this court should consider the finding of fact as dispositive and as such summary judgment is appropriate. Moreover, the Plaintiffs pled the same in their adversary complaint. (Adv. Complaint, p. 5, ¶16) The Plaintiffs are unable to sustain their burden of "willful" and "malicious" as required by 11 U.S.C. §523(a)(6) and <u>Geiger</u>. A failure by the Plaintiff to sustain its burden under any element 11 U.S.C. §523(a)(6) is fatal and should result in summary judgment being entered by the court against the Plaintiffs

### POINT II

**PLAINTIFFS' ADVERSARY COMPLAINT MUST BE DISMISSED PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND INSUFFICIENT PLEADINGS PURSUANT TO FRCP 8(a)(2).**

The Plaintiffs' adversary complaint seeking non-dischargeability of the Debtor's debt should be dismissed under FRCP 12(b)(6) for failure to state a claim for which relief can be granted. Dismissal is also proper since the complaint fails to meet federal pleading standards under Rule 8(a)(2).

The United States Bankruptcy Court for the Southern District of Alabama in <u>In re Raymond & Associates, LLC v. Terrie Seal Ownens v. Victor LaForce</u>, Adv. Proc. No. 17-117-JCO succinctly laid out the standard for dismissal of a complaint under FRCP 12(b)(6) and when a complaint is considered facially

plausible. The Honorable Jerry C. Oldshue, Jr., U.S.B.J. authored the opinion as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly* at 555 (citations and quotation marks omitted). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).
>
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[N]aked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing the pleader is entitled to relief. *Id*. "[D]ismissal for failure of the complaint to state a claim upon which relief can be granted—is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Manz v. Palomino*, 355 B.R. 349, 354 n. 3 (Bankr. S.D. Fla. 2006) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Courts may consider any written instrument attached to the complaint as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint. See e.g., *Home v. Potter*, 392 Fed. Appx. 800 (11th Cir. Aug. 16, 2010); *In re Mervyn's Holdings, LLC*, 426 B.R. 488, 496 (Bankr. D. Del. 2010) (a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to one for summary judgment).

8

The Plaintiffs' adversary complaint is fraught with conclusory allegations which parrot the elements of the cause of action. It contains allegations based which were factually incorrect and which are not sufficient to defeat a 12(b)(6). (Adv. Complaint, p. 4, ¶13; p. 8, ¶¶26-31, attached hereto). The complaint lacks any evidence that would lead a fact finder to believe that the Plaintiffs are entitled to the relief sought. Count I of the complaint simply avers broad statements that even if true are would not suffice to avoid dismissal under both FRCP 12(b)(6) and 8(a)(2). For example, the pleadings all begin with stating that the Debtor's actions were "willful" and "malicious". However, those two words are never mentioned in the Judge Hills' findings of facts or conclusions of law, the underlying litigation that was decided by a bench trial in the Court of Common Pleas, County of Philadelphia. Nothing in the pleadings, specifically, Count I of the adversary indicates that the Plaintiffs are entitled to the relief sought. As stated in the case law previously mentioned, "naked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing the pleader is entitled to relief". The Complaint merely parrot's the elements needed to create a suspicion of a legally cognizable right of action" which simply does not suffice pursuant to the FRCP 12(b)(6) and 8(a)(2). (See Adv. Complaint, p. 8, ¶¶26-31)

As previously cited herein:

> "[D]ismissal for failure of the complaint to state a claim upon which relief can be granted—is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Manz v. Palomino*, 355 B.R. 349, 354 n. 3 (Bankr. S.D. Fla. 2006) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Even if Your Honor believes that every fact is true, there is absolutely no evidence that the Debtor acted "willfully" and "maliciously". The Plaintiffs have not pled anywhere that the Debtor acted "willfully" and "maliciously" and supported it with some type of admissible evidence as required. Therefore, 'it

9

is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" and as such the adversary complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons enunciated above that Plaintiffs cannot support the elements of 11 U.S.C. §523(a)(6) requiring the act be "willful" and "malicious". In fact, the Plaintiffs pled in their adversary complaint that the Debtor acted recklessly. The findings of fact and conclusions of law, by the Honorable Glynnis D. Hill, Judge Court of Common Pleas, County of Philadelphia, which are uncontroverted found that the Defendant acted recklessly. As supported by the U.S. Supreme Court in *Geiger* recklessness does not permit the application of 11 U.S.C. §523(a)(6). Therefore, the Defendant by and through his attorney seeks dismissal the adversary complaint with prejudice and the award of counsel fees which will be submitted to the court at the court's request.

Dated: January 26, 2022

Respectfully submitted,

*/s/Keith D. Sklar, Esq.*
Keith D. Sklar, Esq.