| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-2(c)*<br>Nicholas Poduslenko, Esquire<br>Edmund M. George, Esquire<br>Obermayer Rebmann Maxwell & Hippel LLP<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ  08054<br>(856) 795-3300<br>(856) 482-0504 (fax)<br>*Attorneys for Ron and Rima Seal* | |
| **In re:**<br><br>**MATHEW K. PIERSON**<br><br>       **Debtor.** | **Chapter 7**<br><br>**Case No.  21-11080-KCF** |
| **RON AND RIMA SEAL**<br><br>       **Plaintiffs,**<br><br>  **v.**<br><br>**MATHEW K. PIERSON,**<br><br>       **Defendant.** | **ADVERSARY NO. 21-1264**<br><br>**PLAINTIFFS' RESPONSE TO**<br>**DEFENDANT'S STATEMENT**<br>**OF MATERIAL FACTS NOT**<br>**IN DISPUTE** |

By way of response to Matthew K. Pierson's (the "Defendant") Statement of Material Facts

Not in Dispute, Ron and Rima Seal (the "Plaintiffs") state as follows:

    1.      Admitted.

    2.      Admitted.

    3.      Admitted.

    4.      Admitted.

    5.      Admitted.

    6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Denied as stated. Defendant failed to take into account the factual findings made by the trial court with regard to Mr. Pierson's actions and conduct.

10.     Denied as stated, as the trial court's conclusion with regard to finding Mr. Pierson invaded the Seals' privacy does not require willful or malicious action. Moreover, the trial court found that _any_ one of the reprehensible statements made by Mr. Pierson would be "highly" offensive to a reasonable person.

11.     Denied. This is not a statement of fact, but a conclusion of law to which no response is required. 11 U.S.C. § 523(a)(6) is a federal statute that speaks for itself.

12.     Admitted.

13.     Denied, this is not a statement of fact, but a conclusion of law to which no response is required. 11 U.S.C. § 523(a)(6) is a federal statute that speaks for itself. Denied further as the Debtor attempts to mischaracterize the case and mislead the Court. The complaint identifies the specific willful and malicious actions committed by Mr. Pierson at paragraphs 11 through 17 of the complaint. _See_ Compliant, attached hereto as Exhibit "G."

Respectfully submitted,

**OBERMAYER REBMANN
MAXWELL & HIPPEL**

By:     _/s/ Nicholas Poduslenko_
        Nicholas Poduslenko, Esquire
        _Attorney for Plaintiffs_
        _Ron and Rima Seal_

Dated: February 22, 2022

4888-0524-2636 v2